John W. Holcomb (Bar No. 172121)
john.holcomb@knobbe.com
Brian C. Claassen (Bar. No. 253627)
brian.claassen@kmob.com
Alexander.Kappner (Bar No. 307813)
alexander.kappner@knobbe.com
James F. Smith (Bar No. 313015)
james.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff RODNEY DANTZLER

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RODNEY DANTZLER, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>CONNIE HARRISON, an individual; and<br>DAVID HARRISON, an individual,<br><br>    Defendants. | ) Case No. 8:17-cv-02271 DOC (DFMx)<br>)<br>) **SECOND AMENDED**<br>) **COMPLAINT FOR:**<br>)<br>) **1. Illegal Lockout**<br>) **2. Breach of Contract**<br>) **3. Breach of Implied Covenant of**<br>) **   Quiet Enjoyment**<br>) **4. Unlawful Withholding of Security**<br>) **   Deposit**<br>) **5. Discrimination under the FHA**<br>) **6. Discrimination under the FEHA**<br>) **7. Discrimination under the Unruh**<br>) **   Act**<br>)<br>) Hon. David O. Carter |

Plaintiff Rodney Dantzler hereby complains of Defendants Connie Harrison and David Harrison (jointly, "Defendants") and alleges as follows:

## THE PARTIES

1.      Plaintiff Rodney Dantzler is an African-American adult male and a citizen of California who currently resides in Fullerton, Orange County, California.

2.      Mr. Dantzler is a disabled veteran who was honorably discharged from the United States Marine Corps after more than 20 years of service.

3.      Mr. Dantzler is informed and believes, and, based thereon, alleges that Defendants Connie Harrison and David Harrison are, and at all times mentioned herein were, citizens of California residing in Orange County, California.

4.      At all relevant times herein, Defendants were operating a rental housing unit located at 9 Calle Prospero, San Clemente, California 92673.

## JURISDICTION AND VENUE

5.      Mr. Dantzler asserts claims for relief for illegal lockout, breach of contract, breach of implied covenant of quiet enjoyment, unlawful withholding of security deposit, discrimination under the Fair Housing Act, discrimination under the Fair Employment and Housing Act, and discrimination under the Unruh Act.  This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over the claim for relief arising under the Fair Housing Act, and this Court has supplemental jurisdiction over the remaining claims for relief pursuant to 28 U.S.C. § 1367.

6.      Mr. Dantzler is informed and believes, and, based thereon, alleges that this Court has personal jurisdiction over Defendants at least because Defendants are residents and citizens of the State of California and because Defendants have had continuous, systematic, and substantial contacts within this judicial district related to this lawsuit.  For example, by locking out, or causing

the locking out of, Mr. Dantzler, Defendants' acts form a substantial part of the events or omissions giving rise to Mr. Dantzler's claims.

7.   Mr. Dantzler is informed and believes, and, based thereon, alleges that venue is proper in this judicial district under 28 U.S.C. § 1391(b) at least because Defendants reside in this judicial district and are citizens of the State of California and because a substantial part of the events or omissions giving rise to Mr. Dantzler's claims occurred in this judicial district.

## STATEMENT OF FACTS

8.   Mr. Dantzler seeks relief arising from the Defendants' unlawful exclusion of Mr. Dantzler from his primary residence.  Defendants unlawfully prevented Mr. Dantzler from accessing his residence by repeatedly changing the locks, or causing the locks to be changed, to Mr. Dantzler's residence without providing Mr. Dantzler with new keys.

9.   On or about December 11, 2016, Mr. Dantzler was in possession of a residential unit at 9 Calle Prospero, San Clemente, California 92673, in accordance with a written lease agreement between Mr. Dantzler and non-party Danielle Jones, as co-tenants, and Defendants Connie Harrison and David Harrison, as landlords.  A true and correct copy of the written lease agreement is attached hereto as Exhibit 1.

10.   Ms. Jones is a Caucasian adult female with no disabilities and with no history of military service.

11.   Defendants maintained control over the locks of Mr. Dantzler's residence through the lease agreement, including at least Paragraph 17 of the lease agreement, such that Ms. Jones could not change the locks without Defendants' prior permission.

12.   Mr. Dantzler is informed and believes, and, based thereon, alleges that on or about December 11, 2016, Defendants unlawfully changed the locks and/or added new locks through Ms. Jones, who acted as Defendants' agent and

who acted with Defendants' express permission and authority, without providing a key to Mr. Dantzler.

13.     Mr. Dantzler is informed and believes, and, based thereon, alleges that new keys were provided to Ms. Jones for the newly added and/or changed locks.

14.     On or about December 13, 2016, Mr. Dantzler requested that Defendants restore access to his residence.  Defendants ignored Mr. Dantzler's request and pressured him to vacate the premises.

15.     Also on or about December 13, 2016, after pressuring Mr. Dantzler to vacate his residence and without Mr. Dantzler's knowledge, Defendants agreed to allow Ms. Jones to become the sole tenant of Mr. Dantzler's residence and made plans to remove Mr. Dantzler from the written lease agreement.

16.     On or about December 17, 2016, Defendants requested that Mr. Dantzler remove all of his belongings from his residence and vacate the premises.

17.     Mr. Dantzler is informed and believes, and, based thereon, alleges that on or about December 17, 2016, Defendants did not ask Ms. Jones to remove her belongings from Mr. Dantzler's residence or otherwise to vacate the premises.

18.     Mr. Dantzler is informed and believes, and, based thereon, alleges that on or about December 19, 2016, Defendants again unlawfully changed the locks and/or added new locks through Ms. Jones, who acted as Defendants' agent and who acted with Defendants' express permission and authority, without providing a key to Mr. Dantzler.

19.     Mr. Dantzler is informed and believes, and, based thereon, alleges that new keys were provided to Ms. Jones for the newly added and/or changed locks.

/ / /

-3-

20.    Mr. Dantzler is informed and believes, and, based thereon, alleges that Defendants acted directly and indirectly with discriminatory intent based upon Mr. Dantzler's race and/or disability.

21.    Defendants acted with malice and oppression at least through repeatedly locking Mr. Dantzler out of his home, knowing that Mr. Dantzler was utilizing the residential unit as his primary residence, and depriving him of the property stored therein, exposing Mr. Dantzler to homelessness for an extended period of time.

22.    Mr. Dantzler is a military combat veteran who has been diagnosed with post-traumatic stress disorder ("PTSD").

23.    Mr. Dantzler is informed and believes, and, based thereon, alleges that Defendants were aware of Mr. Dantzler's PTSD.   Symptoms of Mr. Dantzler's PTSD include severe episodes of depression.   Defendants' actions in locking Mr. Dantzler out of his residence and forcing him into homelessness caused Mr. Dantzler's PTSD symptoms to increase in magnitude and severity and required Mr. Dantzler to seek urgent psychological care above and beyond his previous treatment routine.

## FIRST CLAIM FOR RELIEF
### (ILLEGAL LOCKOUT)

24.    Dantzler hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23.

25.    This is a claim for illegal lockout under California Civil Code § 789.3.

26.    On or about December 11, 2016, Defendants, with the intent to terminate Mr. Dantzler's occupancy of his residence, did willfully and maliciously, directly and indirectly, prevent Mr. Dantzler from gaining reasonable access to his residence by adding locks and/or changing the locks on all the doors through Ms. Jones, who acted as Defendants' agent and who acted

-4-

with Defendants' express permission and authority, without giving Mr. Dantzler keys for the new locks.

27.    Because of Defendants' acts, Mr. Dantzler was denied reasonable access to his residence for a period of several days.

28.    On or about December 19, 2016, Defendants, with the intent to terminate Mr. Dantzler's occupancy of his residence, willfully and maliciously, directly and indirectly, again changed the locks on all the doors through Ms. Jones, who acted as Defendants' agent and who acted with Defendants' express permission and authority, without giving Mr. Dantzler keys for the new locks.

29.    Because of Defendants' acts, Mr. Dantzler was prevented reasonable access to his residence from December 19, 2016, to July 7, 2017, the termination date of his lease.  As a direct and proximate result of Defendants' actions, Mr. Dantzler has suffered, and is suffering, general damages, including compensatory damages for alternative housing and transportation and mental annoyance, anguish, and distress, and a period of homelessness lasting several weeks, in an amount no less than $17,000.

30.    Mr. Dantzler is entitled to recover statutory damages under California Civil Code § 789.3(c) in the amount of $100 for each day or part of a day that Defendants remained in violation of California Civil Code § 789.3(b), and in no event is Mr. Dantzler entitled to recover less than $250 for each violation.

31.    Mr. Dantzler is informed and believes, and, based thereon, alleges that Defendants acted with malice and oppression.  Accordingly, Mr. Dantzler is entitled to recover punitive damages.

/ / /

/ / /

/ / /

## SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

32.   Mr. Dantzler hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 31.

33.   On or about July 4, 2016, in San Clemente, Orange County, California, Mr. Dantzler and Defendants entered into a written lease agreement entitling Mr. Dantzler to possession of his residence.

34.   Mr. Dantzler substantially performed all terms of the lease agreement entitling him to possession of his residence, including paying the first month's rent and the security deposit.

35.   On or about December 11, 2016, Defendants breached at least Paragraphs 1 and 2 of the written lease agreement when they willfully and maliciously, directly and indirectly, prevented Mr. Dantzler from gaining reasonable access to his residence by changing the locks on all the doors through Ms. Jones, who acted as Defendants' agent and who acted with Defendants' express permission and authority, without giving Mr. Dantzler keys for the new locks.

36.   On or about December 13, 2016, Defendants breached at least Paragraphs 1 and 2 of the written lease agreement by failing to grant Mr. Dantzler access to his residence upon his request and after locking him out.

37.   On or about December 19, 2016, Defendants once again breached at least Paragraphs 1 and 2 of the written lease agreement when they willfully and maliciously, directly and indirectly, prevented Mr. Dantzler from gaining reasonable access to his residence by changing the locks on all the doors through Ms. Jones, who acted as Defendants' agent and who acted with Defendants' express authorization and authority, without giving Mr. Dantzler keys for the new locks.

/ / /

38.     As a direct and proximate result of Defendant's actions, Mr. Dantzler immediately became homeless and suffered great financial and emotional hardship, entitling him to recover general damages and special damages.

## THIRD CLAIM FOR RELIEF

## (BREACH OF IMPLIED COVENANT OF QUIET ENJOYMENT)

39.     Mr. Dantzler hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 38.

40.     By doing the acts complained about herein, Defendants breached the implied covenant of quiet enjoyment pursuant to California Civil Code § 1927 with respect to the tenancy of Mr. Dantzler established by his written lease agreement with Defendants.

## FOURTH CLAIM FOR RELIEF

## (UNLAWFUL WITHHOLDING OF SECURITY DEPOSIT)

41.     Mr. Dantzler hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40.

42.     This is a claim for unlawful withholding of a security deposit under California Civil Code § 1950.5.

43.     Mr. Dantzler tendered to Defendants the sum of $4,645.00 as a security deposit.

44.     As of the filing date of this Complaint, Defendants have not returned any amount of the security deposit to Mr. Dantzler.

45.     Despite Mr. Dantzler's repeated requests for the return of his security deposit, Defendants have continued to withhold the security deposit in bad faith.

46.     Defendants have specifically demonstrated bad faith by withholding at least part of Mr. Dantzler's security deposit for alleged costs or
/ / /

damages not allowable pursuant to California Civil Code § 1950.5, such as payments for "realtor expenses."

47.     Defendants have additionally demonstrated bad faith by withholding at least part of Mr. Dantzler's security deposit for utility expenses associated with his residence for a period of time after Mr. Dantzler had been unlawfully locked out.

48.     In withholding Mr. Dantzler's security deposit, Defendants have failed to submit copies of documents showing charges incurred and deducted, including, but not limited to, documents related to the alleged "realtor expenses" claimed against Mr. Dantzler's deposit, in violation of California Civil Code § 1950.5(g)(2).

49.     Pursuant to California Civil Code § 1950.5(l), Mr. Dantzler is entitled to a return of his security deposit and to statutory damages for up to twice the amount of his security deposit.

## FIFTH CLAIM FOR RELIEF
## (DISCRIMINATION UNDER FAIR HOUSING ACT)

50.     Mr. Dantzler hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 49.

51.     Defendants, by and through discrimination on the basis of race or disability, have violated the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, causing injury to Mr. Dantzler by engaging in aforesaid actions and failures, including but not limited to:

(a)     Making unavailable and/or denying Mr. Dantzler's dwelling based upon discrimination because of race in violation of 42 U.S.C. § 3604(a);

(b)     Discriminating against Mr. Dantzler in the terms, conditions, and privileges of rental because of his race;

///

-8-

(c)     Making unavailable and/or denying Mr. Dantzler's dwelling based upon discrimination because of disability in violation of 42 U.S.C. § 3604(f)(1); and

(d)     Discriminating against Mr. Dantzler in the terms, conditions, and privileges of rental because of his disability in violation of 42 U.S.C. § 3604(f)(2).

52.     As a direct and proximate result of the acts and omission herein alleged, Mr. Dantzler has suffered, and continues to suffer, injury.

53.     Pursuant to 42 U.S.C. § 3613(c)(1) & (2), Defendants are liable to Mr. Dantzler for general damages, punitive damages, and attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF

## (DISCRIMINATION UNDER CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)

54.     Mr. Dantzler hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 53.

55.     Defendants, by and through discrimination on the basis of race, and/or disability, have violated the Fair Employment and Housing Act, California Government Code §§ 12955 *et seq.*, causing injury to Mr. Dantzler by engaging in the aforesaid actions and failures, including but not limited to:

(a)     Discriminating against Mr. Dantzler because of disability in violation of California Government Code §§ 12955(a) & (d);

(b)     Otherwise making unavailable and/or denying Mr. Dantzler's dwelling based upon discrimination because of disability in violation of California Government Code § 12955(k); and

(c)     Interfering with Mr. Dantzler's exercise and enjoyment of his rights guaranteed by the Fair Employment and Housing Act, in violation of California Government Code § 12955.7.

56.    As a direct and proximate result of the acts and omission herein alleged, Mr. Dantzler has suffered, and continues to suffer, injury.

57.    Pursuant to California Government Code § 12989.2, Mr. Dantzler is entitled to recover compensatory damages, punitive damages, attorneys' fees, and costs.

## SEVENTH CLAIM FOR RELIEF

## (DISCRIMINATION UNDER UNRUH CIVIL RIGHTS ACT)

58.    Mr. Dantzler hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 57.

59.    The residence, which Defendants own, is a business establishment under the California Unruh Civil Rights Act.

60.    As alleged herein, Defendants discriminated against Mr. Dantzler on the basis of his disability and race.  Defendants' discrimination harmed Mr. Dantzler in violation of the California Unruh Civil Rights Act, California Civil Code §§ 51 *et seq*.

## DEMAND FOR JUDGMENT

WHEREFORE, Mr. Dantzler demands judgment in his favor, and against Defendants Connie Harrison and David Harrison, for the following relief:

A.    An award of general damages to Mr. Dantzler for mental anguish, distress, and annoyance in an amount no less than $20,000.

B.    An award of special damages to Mr. Dantzler in an amount no less than $17,000.

C.    An award for punitive damages to Mr. Dantzler in an amount to be determined at trial.

D.    An award for statutory damages under California Civil Code § 789.3(c) in the amount of $100 for each day or part of a day that Defendants remained in violation of California Civil Code § 789.3(b), and in no event less than $250 for each claim for relief.

-10-

1        E.    An order adjudging that Defendants acted in bad faith in

2   withholding Mr. Dantzler's security deposit.

3        F.    An award of statutory damages to Mr. Dantzler under California

4   Civil Code § 1950.5.

5        G.    An award to Mr. Dantzler for reasonable attorneys' fees and costs

6   as provided in California Civil Code §§ 789.3(d) & 12989.2 and 42 U.S.C.

7   § 3613(c)(2).

8        H.    For such other and further relief as the Court may deem just and

9   proper and according to equity.

10                       KNOBBE, MARTENS, OLSON & BEAR, LLP

11

12   Dated: _April 6, 2018_____    By: _/s/ John W. Holcomb_____

13                           John W. Holcomb
Brian C. Claassen

14                           Alexander Kappner
James F. Smith

15                      Attorneys for Plaintiff RODNEY DANTZLER

27980626

16

17

18

19

20

21

22

23

24

25

26

27

28