UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2271-DOC (DFMx)　　　　　　　　　Date: June 25, 2018

Title: RODNEY DANTZLER V. CONNIE HARRISON ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):　　ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [18]

　　Before the Court is Defendants Connie and David Harrison's (collectively, "Defendants" or "Harrisons") Motion to Dismiss ("Motion") (Dkt. 18), which seeks to Dismiss Plaintiff Rodney Dantzler's ("Plaintiff" or "Dantzler") Second Amended Complaint ("SAC") (Dkt. 16). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7–15. Having reviewed the papers and considered the parties' arguments, the Court GRANTS IN PART Defendant's Motion.

I.　　Background

　　A.　　Facts

　　The Court draws the following facts from Plaintiff's SAC. Plaintiff Rodney Dantzler is an African-American adult male and a citizen of California who currently resides in Fullerton, Orange County, California. SAC ¶ 1. Plaintiff is a disabled veteran who was honorably discharged from the United States Marine Corps after more than 20 years of service. *Id*. ¶ 2. Plaintiff suffers from post-traumatic stress disorder ("PTSD"). *Id*. ¶ 22. He alleges that Defendants Connie Harrison and David Harrison are, and at all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2271-DOC (DFMx)　　　　　　　　　　　　　　　　Date: June 25, 2018
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

times mentioned herein were, citizens of California residing in Orange County, California. *Id*. ¶ 3. At all relevant times herein, Defendants were operating a rental housing unit located at 9 Calle Prospero, San Clemente, California 92673 (the "Residence"). *Id*. ¶ 4.

　　　　Plaintiff seeks relief from Defendants' allegedly unlawful exclusion of Plaintiff from his Residence. *Id*. ¶ 8. On or about December 11, 2016, Plaintiff was in possession of the Residence in accordance with a written lease agreement between Plaintiff and non-party Danielle Jones ("Jones), as co-tenants, with Defendants as landlords. *Id*. ¶ 9. Jones is a Caucasian adult female with no disabilities and with no history of military service. *Id*. ¶ 10.

　　　　Plaintiff alleges that on or about December 11, 2016, Defendants unlawfully changed the locks and/or added new locks through Jones—who allegedly acted as Defendants' agent and who allegedly acted with Defendants' express permission and authority in changing the locks—without providing a key to Plaintiff. *Id*. ¶¶ 12–13. New keys were provided to Ms. Jones for the newly added and/or changed locks. *Id*. On or about December 13, 2016, Plaintiff requested that Defendants restore access to his residence, but Defendants ignored Plaintiff's request and pressured him to vacate the premises. *Id*. ¶ 14.

　　　　On or about December 13, 2016, Defendants allowed Jones to remove Plaintiff from the written lease agreement and become the sole tenant of the Residence. *Id*. ¶ 15. On or about December 17, 2016, Defendants requested that Plaintiff remove all his belongings from his residence and vacate the premises. *Id*. ¶ 16. Plaintiff alleges that Defendants did not ask Jones to remove her belongings or otherwise vacate the premises. *Id*. ¶¶ 16–17. Plaintiff alleges that on or about December 19, 2016, Defendants again unlawfully changed the locks and/or added new locks through Jones, who allegedly acted as Defendants' agent and with their express permission and authority, without providing a key to Plaintiff. *Id*. ¶¶ 18–27. Plaintiff further alleges that because of Defendants' acts, Plaintiff was denied access to the Residence for a period of several days. *Id*. ¶ 28. Plaintiff alleges that Defendants' actions, described above, were carried out "directly and indirectly with discriminatory intent." *Id*. ¶ 20.

　　　　**B.**　　**Procedural History**

　　　　On December 29, 2017, Plaintiff filed his Complaint (Dkt. 1). On February 28, 2018, Defendants filed their Answer (Dkt 10). On March 21, 2018, Plaintiff filed his First Amended Complaint (Dkt. 13). On April 4, 2018, Plaintiff requested Leave to File Second Amended Complaint (Dkt. 14).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2271-DOC (DFMx)            Date: June 25, 2018
           Page 3

On April 6, 2018, Plaintiff filed the SAC, in which Plaintiff brings seven claims against Defendants for:

(1)     illegal lockout;
(2)     breach of contract;
(3)     breach of implied covenant of quiet enjoyment;
(4)     unlawful withholding of security deposit;
(5)     discrimination under the Fair Housing Act ("FHA"), 42 U.S.C. 3604;
(6)     discrimination under the Fair Employment and Housing Act ("FEHA"), California Government Code § 12900; and
(7)     discrimination under the Unruh Act, California Civil Code § 51.

SAC ¶¶ 24–60. Plaintiff seeks judgment and damages. SAC at 10.

On April 20, 2018, Defendants filed the instant Motion to Dismiss, and a Request for Judicial Notice ("RJN") (Dkt. 18-2). On May 14, 2018, Plaintiff filed his Opposition ("Opp'n") (Dkt. 22) and Objection to the Request for Judicial Notice ("Reply to RJN") (Dkt. 23). On May 21, 2018, Defendants filed their Reply ("Reply") (Dkt. 27).

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, the court need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1229 n.1 (9th Cir. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2271-DOC (DFMx)                                 Date: June 25, 2018
                                                                                                                Page 4

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III. Request for Judicial Notice

Defendants asks the Court to take judicial notice of the following documents, attached as Exhibits 2 and 3:

- Invoices, dated December 12, 2016 and December 21, 2016;
- Temporary Restraining Order, dated December 19, 2016, and filed in the Superior Court of California County of Orange, Lamoreaux Justice Center, as Case No. 16V003051; and

*See* RJN. Defendants also ask the Court to take judicial notices of the facts that Jones arranged and paid for the locks to be changed on December 12, 2016, and December 21, 2016, and that Jones filed an application for a restraining order against Plaintiff. *See id.*

The Court may take judicial notice of court filings and other matters of public record. Fed. R. Evid. 201(b); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). It is improper, however, for a court to take judicial notice of the veracity of a public document's contents when the parties dispute the meaning and truth of the contents. *Lee v. City of L. A.*, 250 F.3d 668, 689–90 (9th Cir. 2001) (reversing a district court's grant of a motion to dismiss where the court not only took judicial notice of undisputed matters of public record but also took judicial notice of "disputed facts stated in public records" and relied on the validity of those facts in deciding the motion to dismiss). Pursuant to Federal Rule of Evidence 201, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

Plaintiff objects to the invoices and checks because both are "not proper subjects of judicial notice" and alleges that the documents are not properly authenticated by a declaration from Jones or anyone who could authenticate the invoices. Reply to RJN at 3. Proper subjects of judicial notice are information that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably questioned. Fed. R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2271-DOC (DFMx)                                      Date: June 25, 2018
                                                                                                                                                    Page 5

Evid. 201(b). Invoices and personal checks, as well as the facts that Defendants ask the Court to take judicial notice of, are not documents or information that are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). Therefore, the Court finds Defendant's Exhibit 2 and the requested facts to be improper for judicial notice and declines to take judicial notice of them.

       Nonetheless, the Court also takes judicial notice of the existence of Exhibit 3 since it is a court record available through the California Courts Protective Order Registry. *See Burbank-Glendale-Pasadena Airport Auth.*, 136 F.3d at 1364. However, the Court does not take judicial notice of the facts within this exhibit because they may be subject to reasonable dispute. *See Lee*, 250 F.3d at 690 ("On a Rule (12)(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." (internal quotations omitted)).

### IV.   Discussion

       Defendants asks the Court to dismiss each of Plaintiff's seven claims, for failure to state a claim upon which relief can be granted. *See* Mot. As to Plaintiff's first three claims for breach of contract, breach of implied covenant of quiet enjoyment, and illegal lockout, Defendants argue that Plaintiffs do not sufficiently state those claims because Plaintiff fails to allege plausible facts that Plaintiff's co-tenant Danielle Jones ("Jones") was acting as an agent of Defendants in excluding Plaintiff from the Residence. Mot. at 4–12. In addition, Defendants argue that Plaintiff's fifth through seventh claims for discrimination under the FHA, FEHA, and the Unruh Act fail because Plaintiff fails to allege plausible facts that Plaintiff's race and/or handicap was the reason for the alleged illegal lockout, and that Jones was acting as Defendants' agent. Mot. at 4–13, 18–19. Finally, Defendants contend that Plaintiff's fourth claim for unlawful withholding of Plaintiff's security deposit also fails because Defendants had no notice of Plaintiff's address, and because Plaintiff failed to allege that he had given the proper notice. Mot. at 17.

       The Court will address in turn Plaintiff's agency theory of liability, discrimination claims, and unlawful withholding.

#### A.     Agency Theory

Plaintiffs' first through third and fifth through seventh claims rely in part on a theory of agency under which the Defendants should be liable to Plaintiff, through the

Case 8:17-cv-02271-DOC-DFM Document 29 Filed 06/25/18 Page 6 of 12 Page ID #:276

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2271-DOC (DFMx)                                   Date: June 25, 2018
                                                                                                                                     Page 6

acts of their alleged agent, Jones, in changing the locks. *See generally* SAC. Specifically, Plaintiff alleges that because Defendants controlled the locks at the Residence and had the power to give consent to effectuate the change, this created an agency relationship between Jones and Defendants. SAC ¶¶ 11–12; Opp'n at 13–14.

Defendants argue that Plaintiff's agency theory of assigning liability to Defendants through Jones fails under both federal and California law. Mot. at 9–10; Reply at 2–3. Defendants argue that under California law, the relation of landlord and tenant in itself bears no relation to agency law; rather, the landlord-tenant relationship is presumed to be a creditor and debtor relationship. Reply at 2–3. Defendants further contend that the agency principles that govern the actions between employer-employee liability have no parallel for actions between two independent contracting parties. Mot. at 9–10; Reply at 2–3. Defendants claim that Plaintiff fails to allege that Jones was acting for the benefit of Defendants, that Defendants manifested to Jones that she change the locks, nor to establish "that the agent has accepted the undertaking" on behalf of Defendants. Reply at 3–7. Therefore, Defendants argue that Plaintiff has failed to allege that an agency relationship exists.[1] In response, Plaintiff contends that because Defendants gave their express authority and permission for Jones to change the locks, this affirmative authorization and support creates liability under an agency theory. Opp'n at 12–13.

Whether an agency relationship exists for purposes of the Fair Housing Act is determined under federal law in order to "avoid predicating liability for Fair Housing Act violations on the vagaries of state law." *Harris v. Itzhaki*, 183 F.3d 1043, 1054 (9th Cir.1999) (citing to *Cabrera v. Jakabovitz*, 24 F.3d 372, 386 fn. 13 (2d Cir.1994)). In determining whether an agency relationship exists, federal courts have generally looked to the definition of "agency" provided by the Restatement (Second) of Agency (1958) ("the Restatement"). *See e.g.*, *General Building Contractors Assn. v. Pennsylvania*, 458 U.S. 375, 392 (1982) (applying Restatement to analysis of similar civil rights action under 42 U.S.C. § 1981). The essential characteristics of an agency relationship as laid out in the Restatement are as follows: (1) an agent or apparent agent holds a power to alter the legal relations between the principal and third persons and between the principal and himself; (2) an agent is a fiduciary with respect to matters within the scope of the

---

[1] Defendants also claim that Plaintiff's agency allegations impermissibly violate the Parol Evidence Rule by attaching a new interpretation to Paragraph 17 of the Lease Agreement, "Unless otherwise specified . . .without Landlord's prior written consent, (I) Tenant shall not make any repairs, alterations, or improvements in or about the Premises including. . . adding or changing locks. . .", when it should be interpreted on its face. Mot. at 6–8. In other words, Defendants contend that interpreting an agency relationship from Paragraph 17 of the lease is not a proper facial reading of the lease. On a motion to dismiss, the court takes all factual inferences in the light most favorable to Plaintiff. *See Manzarek*, 519 F.3d at 1031. Thus, the Court accepts Plaintiff's allegations that the Lease Agreement required Jones to seek and obtain Defendants' consent before changing the locks at the Residence. SAC ¶¶ 11–12, Ex. 1.

Case 8:17-cv-02271-DOC-DFM Document 29 Filed 06/25/18 Page 7 of 12 Page ID #:277

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2271-DOC (DFMx)                                   Date: June 25, 2018
                                                                                                                               Page 7

agency; and (3) a principal has the right to control the conduct of the agent with respect to matters entrusted to him. Restatement, Agency, 2d ed., §§ 12, 13, 14, pp. 57–60. In addition, HUD has promulgated its own definition of "agency," which closely resembles the Restatement's definition. *See, e.g.*, *Harris*, 183 F.3d at 1054 (applying HUD standard to FHA claim). Further, "[i]t is well established that the question of agency should be submitted to the jury unless the factual record is utterly devoid of support for a finding of agency." *Inland Mediation Bd. v. City of Pomona*, 158 F. Supp. 2d 1120, 1139 (C.D. Cal. 2001); *see Harris*, 183 F.3d at 1054.

      Plaintiff alleges that Jones had the power to act on behalf of Defendants and herself. *See* SAC ¶¶ 11–19. Plaintiff also alleges that she was also given certain powers and privileges in order to do so, and that Defendants had the right about ability to control her conduct by giving their permission and authority to change the locks. *Id.* ¶¶ 11–18. Thus, the factual record is not "utterly devoid" in support of an agency theory, and Plaintiff has plausibly alleged facts in support an agency relationship between Jones and Defendants, and thus, *See Inland Mediation* 158 F. Supp. 2d at 1139. Therefore, Plaintiff has properly set forth a claim for relief by establishing plausible facts that an agency relationship might exist under a federal claim for discrimination.

      Under California law, "an agent is one who represents another . . . in dealings with third persons." Cal. Civ. Code § 2295. While actual agency is generally created by express agreement or ratification, agency can also be implied by the conduct of the parties. *Van't Rood v. County of Santa Clara*, 113 Cal. App. 4th 549, 562, 571 (2003) ("Agency is generally a question of fact."). The hallmark of an agency relationship is that one person agrees to act on behalf of another and subject to his control. *See In re Coupon Clearing Serv., Inc.*, 113 F.3d 1091, 1099 (1997) (applying California law).

      Plaintiff alleges that Defendants retained control over Jones and over the lock change, and that she was acting as Defendants' representative in effectuating the lock change. *See, e.g.*, SAC ¶¶ 11–12. Therefore, because agency is a question of fact, and because the Court must accept Plaintiff's factual allegations as true on a motion to dismiss, Plaintiff has plausibly stated an agency theory under the state law claims.

      Accordingly, the Court DENIES Defendants' Motion to dismiss Plaintiff's first through third claims, and fifth through seventh claims, to the extent that these claims are based on an agency theory of liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2271-DOC (DFMx)            Date: June 25, 2018
           Page 8

### B. Discrimination

Next, Defendants also argue that Plaintiff's fifth through seventh claims for discrimination under federal and state law are implausible because Defendants had shown no discriminatory attitudes toward Plaintiff prior to the alleged lockout. Mot. at 3–4, 18–19; Reply at 17–19. Defendants contend that Plaintiff fails to allege plausible facts that show any relationship between the alleged discriminatory conduct and Plaintiff's race or disability. Mot. 13, 17–19. Furthermore, Defendants argue that Plaintiff fails to allege in the SAC what Jones' motives were in requesting the lock change, and he does not specifically contend that Jones was discriminatory in her conduct. *See* SAC; Mot. at 13.

In response, Plaintiff asserts that under the Fair Housing Act, only disparate treatment must be shown in order to properly state a discrimination claim at the pleading stage. Opp'n at 17–18. In addition, under the agency relationship described above, Plaintiff also alleges that because Defendants knew and consented to Jones' act of changing the locks, Defendants explicitly approved Jones' discriminatory behavior. Opp'n at 18–19. Plaintiff also argues that "Jones' intent regarding changing the locks is not relevant to the claims" and are not tied to any element of the claims in the well-pleaded SAC. Opp'n at 17.

The FHA makes it unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race" or "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person." 42 U.S.C. §§ 3604 (b), (f)(2). A plaintiff can establish a FHA violation under a theory of disparate treatment or disparate impact. *See Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 U.S. 2507, 2511–12 (2015) ("The Court holds that disparate-impact claims are cognizable under the Fair Housing Act."). Disparate treatment is intentional discrimination, but disparate impact targets "unconscious prejudices and disguised animus that escape easy classification." *Id.* "[A] plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection [between a policy and a disparity] cannot make out a prima facie case of disparate impact." *Id.* at 2523.

Here, as to a disparate treatment theory, Plaintiff alleges that Defendants intended to exclude him from his Residence, and "acted directly and indirectly with discriminatory intent," but Plaintiff fails to allege any specific facts linking his race or handicap to the lock change or to Defendants' intent. *See, e.g.*, SAC ¶ 20. Because he does not allege

Case 8:17-cv-02271-DOC-DFM Document 29 Filed 06/25/18 Page 9 of 12 Page ID #:279

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2271-DOC (DFMx)                                    Date: June 25, 2018
Page 9

plausible facts showing intentional discrimination, Plaintiff fails to sufficiently state a claim for discrimination under a disparate treatment theory under the FHA.

      Next, to establish a prima facie disparate impact case, Plaintiff must establish at least that Defendants' actions had a discriminatory effect. *See Pfaff v. U.S. Dept. of Housing and Urban Development*, 88 F.3d 739, 745 (9th Cir. 1996). The elements of an FHA prima facie case under a disparate impact theory are: (1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices. *Id.* "In contrast to a disparate-treatment case, where a 'plaintiff must establish that the defendant had a discriminatory intent or motive,' a plaintiff bringing a disparate-impact claim challenges practices that have a 'disproportionately adverse effect on minorities' and are otherwise unjustified by a legitimate rationale." *Inclusive Communities*, 135 U.S. at 2513; *see also City of Los Angeles v. Wells Fargo & Co.*, No. 213CV09007ODWRZX, 2015 WL 4398858, at *8 (C.D. Cal. July 17, 2015), *aff'd*, 691 F. App'x 453 (9th Cir. 2017) (finding the plaintiff could not go forward with its disparate impact claim without identifying an actual policy that created an artificial, arbitrary, or unnecessary barrier).

      Here, Plaintiff alleges that Defendants' consent to changing the locks through his agent Jones caused him to be homeless, and these actions resulted in an adverse effect on Plaintiff, who is African-American and has a handicap. Opp'n at 17–18. Plaintiff alleges that Defendants' actions did not impact his co-tenant Jones, who is Caucasian and does not have a disability. SAC ¶¶ 10, 19. Plaintiff fails to establish a prima facie claim for disparate impact because he has not alleged that a specific policy or practice by Defendants have a significantly adverse or disproportionate impact on minorities based on race and or/handicap. *See City of Los Angeles*, 2015 WL 4398858, at *8. "A claim 'that relies on a statistical disparity must fail if the plaintiff cannot point to a defendant's policy or policies causing that disparity'—in other words, a 'one-time decision [that] may not be a policy at all' cannot support a disparate-impact claim." *Nat'l Fair Hous. All. v. Travelers Indem. Co.*, 261 F. Supp. 3d 20, 29 (D.D.C. 2017) (quoting *Inclusive Communities*, 135 U.S. at 2523).

      Because Plaintiff has failed to sufficiently state a claim under disparate treatment or disparate impact theories of liability, Plaintiff has not plausibly stated a claim for discrimination actionable under the FHA. Further, Plaintiff's claims for discrimination under FEHA and the Unruh Act, which rely on the FHA's standards, thus also are not plausibly alleged, for the reasons stated above. *See* Opp'n at 7, 25 (citing *Cabrera v. Alvarez*, 977 F. Supp. 2d 969, 976 (N.D. Cal. 2013) ("The provisions of FEHA and the Unruh Act involved in this case protect substantially the same rights as the FHA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 17-2271-DOC (DFMx) | Date: June 25, 2018 |
| | Page 10 |

provisions at issue and are subject to the same analysis.") (citing *Walker v. City of Lakewood*, 272 F.3d 1114, 1131 n.8 (9th Cir. 2001))).

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's fifth, sixth, and seventh claims for discrimination under the FHA, the FEHA, and the Unruh Act.

    **C.**    **Unlawful Withholding of Security Deposit**

Finally, Defendants ask the Court to dismiss Plaintiff's fourth claim for unlawful withholding of security deposit because Plaintiff failed to allege that he had given Defendants proper notice of an intention to terminate the tenancy as required by California Civil Code Section 1950.5(f)(1), and notice of his current address as required by California Civil Code Section 1950.5. Mot. at 17; Reply at 22–23. Plaintiff contends that these sections do not require a tenant to provide notice of an address to the landlord as a prerequisite to recovery for unlawful withholding of security deposit. Opp'n at 22–25.

Plaintiff brings his fourth claim for unlawful withholding of a security deposit under California Civil Code § 1950.5, which provides:

> . . . . No later than 21 calendar days after the tenant has vacated the premises, but not earlier than the time that either the landlord or the tenant provides a notice to terminate the tenancy. . . , the landlord shall furnish the tenant, by personal delivery or by first-class mail, postage prepaid, a copy of an itemized statement indicating the basis for, and the amount of, any security received and the disposition of the security, and shall return any remaining portion of the security to the tenant . . . .

Cal. Civ. Code § 1950.5(g)(1); *see also* SAC ¶ 42.

Plaintiff alleges, among other things, that Defendants pressured Plaintiff to vacate the Residence and made plans to remove Plaintiff from the lease agreement. *See* SAC ¶¶ 14–17. He further alleges that Plaintiff tendered to Defendants $4,645.00 as security deposit and Defendants have continued to withhold the security deposit in bad faith despite repeated requests from Plaintiff to return the deposit. SAC ¶¶ 43–49. Because Plaintiff has alleged that Defendants intended to terminate his tenancy, failed to proceed with proper procedures, and refused his requests to return his security deposit, Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---:|
| Case No. SA CV 17-2271-DOC (DFMx) | Date: June 25, 2018 |
| | Page 11 |

has plausibly stated a claim for unlawful withholding of security deposit. *See id.*; Cal. Civ. Code § 1950.5.

Nonetheless, Defendants argue that Plaintiff's claim fails because he did not allege that he provided notice of an intention to terminate the tenancy under California Civil Code Section 1950.5(f)(1). *See* Mot. at 17. However, nothing in that statute appears to contain such a requirement. *See* Cal. Civ. Code § 1950.5(f)(1) (" Within a reasonable time after notification of either party's intention to terminate the tenancy, or before the end of the lease term, the landlord shall notify the tenant in writing of his or her option to request an initial inspection and of his or her right to be present at the inspection . . . ."). Further, as discussed, Plaintiff has alleged that Defendants provided notice of their intent to terminate the residency. *See* SAC ¶¶ 14–17.

Next, Defendants argue that Plaintiff's claim fails because he does not allege that he provided a notice of his address under California Civil Code Section 1950.5(g)(1). Mot. at 17. But nothing in Section 1950.5(g)(1) appears to requires a tenant to provide a notice of his address as a prerequisite to bringing a claim for unlawful withholding of security deposit. *See* Cal. Civ. Code § 1950.5(g)(1) ("[T]he landlord shall furnish the tenant, by personal delivery or by first-class mail, postage prepaid, a copy of an itemized statement indicating the basis for, and the amount of, any security received and the disposition of the security, and shall return any remaining portion of the security to the tenant."). Defendants do not cite any authority that such a prerequisite exists. *See* Mot. at 17; Reply at 22–23. Further, Plaintiff alleges that he was in contact with Defendants, requesting access to the Residence, and that Defendants pressured Plaintiff to vacate the premises, which suggests that Defendants were in contact with Plaintiff and could have arranged "personal delivery" of the security deposit notice, if desired. *See* SAC ¶ 14; Cal. Civ. Code § 1950.5(g)(1) ("by personal delivery").

Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiff's fourth claim for unlawful withholding of security deposit.

**V.     Disposition**

For the reasons explained above, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss.

The Court DISMISSES WITHOUT PREJUDICE Plaintiff's fifth through seventh claims for discrimination under the FHA, discrimination under FEHA, and discrimination under the Unruh Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2271-DOC (DFMx)                             Date: June 25, 2018
                                                               Page 12

Plaintiff may file an amended complaint, if desired, **on or before July 3, 2018**.[2]

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk: djl
CIVIL-GEN

---

[2] Because the claim for discrimination under the FHA is the only federal claim and provides the only basis for subject matter jurisdiction, if Plaintiff does not amend his fifth claim, the Court will remand the action to state court.