Case No. SA CV 17-2271-DOC (DFMx)            Date: July 11, 2018

Title: RODNEY DANTZLER V. CONNIE HARRISON ET AL

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION [29] [30] [31]**

On June 25, 2018, the Court dismissed without prejudice Plaintiff Rodney Dantzler's ("Plaintiff") fifth through seventh claims for discrimination under the Fair Housing Act ("FHA"), under California's Fair Employment and Housing Act, and under California's Unruh Civil Rights Act. *See* Order Granting in Part Motion to Dismiss (Dkt. 29). In that Order, the Court stated: "Because the claim for discrimination under the FHA is the only federal claim and provides the only basis for subject matter jurisdiction, if Plaintiff does not amend his fifth claim, the Court will remand the action to state court." *Id.* n.2.

On July 3, 2018, Plaintiff filed a Notice (Dkt. 30) stating that he decided not to amend his Complaint, but requests that the Court exercise its discretion to retain supplemental jurisdiction over this action; and that if the Court is inclined not to retain supplemental jurisdiction, Plaintiff requests that the Court entertain briefing on the issue.

On July 11, 2018, Defendants Connie Harrison and David Harrison (collectively, "Defendants") filed Objections to Unauthorized Argument and Request to Remand ("Objections and Request") (Dkt. 31), arguing that: (1) Plaintiff's request that the Court not remand was not authorized by the Order Granting in Part Motion to Dismiss; and (2)

pursuant to the Order and Plaintiff's decision to not amend, the Court should remand the first four causes of action to Orange County Superior Court. Objections and Request at 1–2.

Supplemental jurisdiction is appropriate when a state law claim derives from a "common nucleus of operative fact" with a federal claim. *United Mine Workers of America v. Gibbs*, 388 U.S. 715, 725 (1966). However, a district court may decline to exercise supplemental jurisdiction over such a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Because this Court has dismissed all claims over which it has original jurisdiction (i.e. the Complaint's fifth claim for discrimination under the FHA, the only federal claim), the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See id.*

Accordingly, the Court REMANDS this action to the Superior Court of California, County of Orange.

The Clerk shall serve this minute order on the parties.